# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GHASSAN HOUBOUS BOUARI, | Case No. 2:18-CV-219 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Bouari v. United States of America et al.*, case number 2:18-cv-00219-JCM-PAL.

The parties have filed a joint motion to stay proceedings and all corresponding deadlines until 60 days after the resolution of the related criminal case, *United States v. Bouari*, No. 16-cr-32 (D. Nev.). (ECF No. 9).

Plaintiff Ghassan Bouari was dismissed from the criminal case on August 18, 2017, but three co-defendants remain in the criminal case. (ECF No. 9). The parties represent that a stay would not prejudice any litigants. *Id*. The parties also represent that the criminal case is preventing the government from having full access to overlapping witnesses and evidence. *Id*.

The Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995). Nonetheless, a court may exercise its discretion to stay civil proceedings when the interests of justice seem to require such action. *Keating*, 45 F.3d at 324.

**James C. Mahan**
**U.S. District Judge**

When deciding whether to stay civil proceedings, a court must consider "the extent to which the defendant's fifth amendment [sic] rights are implicated." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *Molinaro*, 889 F.2d at 902). Courts also consider other factors according to the circumstances of the case, which generally include the following five factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 325 (quoting *Molinaro*, 889 F.2d at 903).

Although Bouari's Fifth Amendment rights are no longer implicated, granting the parties' motion would not prejudice any of the litigants in this case and would allow the government to fully access overlapping witnesses and evidence after resolution of the criminal case. In addition, because this court is assigned both cases, it can more efficiently adjudicate the pending matters by prioritizing the criminal case. *See Keating*, 45 F.3d at 325. Lastly, the court cannot ignore the remarkable public interest in favor of protecting criminal proceedings from related civil suits that may cause unnecessary complexities and adverse effects. Therefore, the court will grant the parties' motion to stay proceedings.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the parties' joint motion to stay proceedings (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that all filing deadlines are extended to 60 days after the resolution of the related criminal case.

DATED March 27, 2019.

   _____
   UNITED STATES DISTRICT JUDGE