UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GHASSAN HOUBOUS BOUARI, | Case No. 2:18-CV-219 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is Charles Ro and Dennis Lao's ("Defendants") motion to dismiss (ECF No. 40). Plaintiff Ghassan Houbous Bouari ("Bouari") filed a response (ECF No. 46), to which Defendants replied (ECF No. 47).[1]

**I.    BACKGROUND**

Bouari brings this suit arising out of his indictment, arrest, and pretrial detention for alleged participation in a money-laundering scheme. (ECF No. 31 ¶11). His indictment was eventually dismissed on August 9, 2017 by this court. (ECF No. 40 at 3). He subsequently filed suit against the two defendants who are former Special Agents for the Federal Bureau of Investigation (FBI). (ECF No. 40 at 2). He brings an action for money damages brought under the United States Constitution (*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)).

According to the first amended complaint, the FBI undertook a reverse sting operation targeting Bouari's half-brother, Emile Bouari, for money laundering. (ECF No. 31 ¶ 11). Bouari was ultimately indicted for his alleged participation in the scheme, along with his half-brother and

---

[1] Also before the court is defendants' motion for leave to file supplemental authority (ECF No. 48).

**James C. Mahan**
**U.S. District Judge**

two other co-conspirators. *Id.* ¶¶ 11, 73. He was arrested on February 6, 2016, and remained in detention until August 18, 2017 (560 days or approximately 18 months). *Id.* ¶ 18.

Bouari alleges fabrication of evidence and malicious prosecution that led to a violation of his Fourth Amendment rights in being unlawfully seized and detained without probable cause for nearly 18 months. *Id.*

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires every complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a complaint must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not entitled to this assumption of truth. *Id.* Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the

**James C. Mahan**
**U.S. District Judge**

- 2 -

movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### III. DISCUSSION

#### A. *Bivens* claims

*Bivens* was the first time the Supreme Court "recognized . . . an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66, (2001) (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 391 (1971)). In doing so, the Supreme Court established that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir.2000) (citations omitted).

In *Bivens*, the Supreme Court recognized that an implied private cause of action arises when law enforcement officials violate a plaintiff's Fourth Amendment right by executing a warrantless search of a plaintiff's home. *Bivens*, 403 U.S. at 391. In the 47 years since *Bivens*, the Supreme Court "ha[s] recognized two more nonstatutory damages remedies, the first for employment discrimination in violation of the Due Process Clause, . . . and the second for an Eighth Amendment violation by prison officials[.]" *Wilkie v. Robbins*, 551 U.S. 537, 549–50 (2007) (internal citations omitted); *see Davis v. Passman*, 442 U.S. 228, 245–48 (1979) (holding that *Bivens* allows gender discrimination claims); *see also Carlson v. Green*, 446 U.S. 14, 17–18 (1980) (holding that *Bivens* allows prisoners to assert Eighth Amendment claims against prison officials).

The Supreme Court has "recently and repeatedly said that a decision to create a private right of action is one better left to legislative judgment in the great majority of cases." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 695 (2004). Thus, the Supreme Court "ha[s] consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Corr. Servs. Corp.*

**James C. Mahan**
**U.S. District Judge**

- 3 -

*v. Malesko*, 534 U.S. 61, 68 (2001); *see also Iqbal*, 556 U.S. at 675 (holding that the Supreme Court disfavors implied causes of action like *Bivens* and therefore limits their availability).

Nevertheless, courts may extend *Bivens* in rare circumstances in order "to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy for harms caused by an individual officer's unconstitutional conduct." *Malesko*, 534 U.S. at 70. The decision to recognize a new *Bivens* cause of action is a two-step analysis. First, courts can extend *Bivens* only if there does not exist an alternative remedy. *Mirmehdi v. United States*, 689 F.3d 975, 982 (9th Cir. 2012). Second, if an alternative remedy does not exist, courts must consider whether special factors counsel against creating a new *Bivens* claim. *Id*.

**B.  *Bivens* analysis**

The court is not persuaded to extend a *Bivens* cause of action to the new context of malicious prosecution. Any extension of *Bivens* is highly "disfavored" since it is an implied cause of action best left to congressional action. *Iqbal*, 556 U.S. at 675 (2009). The facts, as alleged in the amended complaint (ECF No. 31) present a new *Bivens* application outside of the three well-established *Bivens* categories.

More important, Bouari does not dispute bringing a "money counting machine" to his half-brother's hotel room to help count the $60,000 alleged to be part of the accused money laundering transaction. (ECF no. 31 ¶¶ 23–24). This undisputed fact was probable cause that Bouari was aiding and abetting the illegal scheme, sufficient for an arrest. This militates against any finding that a constitutional violation occurred in the first place. It may be true that evidence of being "present" for such a conspiracy would be insufficient to *convict* Bouari of aiding and abetting in a money laundering conspiracy, but it is certainly enough for probable cause, which "is not a high bar." *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018). Therefore, Bouari's consistent proclamations in his amended complaint and additional briefings about defendants' fabrication of other evidence to support an indictment against Bouari are rendered moot, even if true.

Bouari contends that his malicious prosecution claims fit cleanly within the ambit of the *Bivens* Fourth Amendment context but he does not point the court to any prior case in which a

*Bivens* cause of action was extended to malicious prosecution *when probable cause existed*. The list of Ninth Circuit cases presented in Bouari's opposition to the motion to dismiss (ECF No. 46 at 10) are inapposite since they deal with federal agents who falsified or fabricated evidence to create probable cause. As stated *supra*, even if some of the claims of fabrication are true, the defendants still had probable cause to arrest aned indict Bouari and therefore any claim of malicious prosecution undergirding the arrest and subsequent indictment is threadbare.

For good measure, the court engages in the standard two-step *Bivens* extension analysis. First, the court addresses the existence of an "alternative remedy." Defendants argue that the Federal Tort Claims Act (FTCA) is just such an alternative remedy and points to Bouari's concurrent FTCA lawsuit before this court (*Bouari v. USA*, 2:21-cv-00226-JCM-VCF) as sufficient grounds for this court to deny a *Bivens* extension. Conversely, Bouari contends that the FTCA is not a full, alternative remedy since Congress made it "crystal clear" that the FTCA was viewed as a "parallel, complementary cause of action" to *Bivens*—not a substitute. *Carlson*, 446 U.S. at 20 (1980). The court is persuaded by Bouari's position on this point. It is clear from the holding in *Carlson* that the courts should give effect to the congressional decision to enact a statutory remedy which it views as fully adequate "only in combination with the *Bivens* remedy." 446 U.S. FN 5 (1980).

Bouari's position fails at step two, however. The court finds that special factors exist to counsel against creating a new *Bivens* claim here. Attaching *Bivens* liability to malicious prosecution of federal undercover investigators—and subsequently federal prosecutors—even when probable cause exists would "require courts to interfere in an intrusive way with sensitive functions of the Executive Branch." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1861 (2017). The separation-of-powers doctrine requires that a "branch not impair another in the performance of its constitutional duties." *Clinton v. Jones,* 520 U.S. 681, 701 (1997). The court finds a *Bivens* extension wholly unjustified when the claimed harm lacks the fundamental element of an egregious constitutional violation.

The court is sympathetic to Bouari's plight in allegedly being at the wrong place at the wrong time and subsequently being mistakenly detained for nearly 18 months, experiencing

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  detrimental economic effects with his business, and being separated from his family. But 20/20
2  hindsight cannot be imposed post hoc on law enforcement without seriously handicapping the
3  investigative and prosecutorial functions of the executive branch. *Bivens* is not the proper claim
4  for relief here.

5  Since the court finds no constitutional violation *ab initio*, the court need not address the
6  qualified immunity question.

7  **IV.   CONCLUSION**

8  Accordingly, and pursuant to the foregoing,

9  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to
10  dismiss (ECF No. 40) be, and the same hereby is, GRANTED with prejudice.

11  IT IS FURTHER ORDERED that defendants' motion for leave to file supplemental
12  authority (ECF no. 48) be, and the same hereby is, GRANTED *nunc pro tunc* pursuant to LR 7-
13  2(g) since they are relevant to the motion at hand.

14  The clerk is hereby instructed to close the case.

15  DATED September 29, 2021

16  
17  _____
    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**